```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
UNITED STATES OF AMERICA,               :    19cr0620 (DLC)
                                        :
          -v-                           :    MEMORANDUM OPINION
                                        :         AND ORDER
UNIQUE CHAVIS,                          :
                                        :
               Defendant.               :
                                        :
----------------------------------------X
```

DENISE COTE, District Judge:

On March 25, 2020, the defendant sought release on bail from the Westchester County Jail pending his sentencing pursuant to 18 U.S.C. § 3143(a) on account of the COVID-19 pandemic.  The Government opposes the defendant's release.  The defendant's application is denied.

A two-count indictment of August 28, 2019 charged the defendant with possessing a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i), and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  On December 13, the defendant pleaded guilty to being a felon in possession of a firearm.  The Government calculates his sentencing guidelines range as 46 to 57 months.  Sentencing is scheduled for June 18, 2020.

In arguing for his release, the defendant cites 18 U.S.C. § 3142(g), which allows courts to consider, among other things, an individual's "physical and mental" condition in determining whether to release or detain a defendant pending trial. But, the defendant has pleaded guilty and awaits his sentencing. Section 3143(a), not Section 3142(g), governs here.

Pursuant to Section 3143(a)(1), a defendant awaiting sentencing shall be detained "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." 18 U.S.C. 3143(a)(1). This statute thus "establishes a presumption in favor of detention" that the "defendant must rebut . . . with clear and convincing evidence." United States v. Abuhamra, 389 F.3d 309, 319 (2d Cir. 2004).

The defendant has failed to show by clear and convincing evidence that his release into the community would not present a danger to others. This case, in which the defendant has admitted to firearms possession, is the defendant's fourth adult conviction. The presentencing report ("PSR") also notes three separate instances of parole violations.

Based on the record currently before the Court, it appears that the defendant's release into the community would endanger

the safety of the community.  The defendant's request for release is therefore denied.

Dated:     New York, New York
           March 27, 2020

＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
              DENISE COTE
        United States District Judge